**[J-3-2017] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

NEXTEL COMMUNICATIONS OF THE
MID-ATLANTIC, INC.,

      Appellee

      v.

COMMONWEALTH OF PENNSYLVANIA,

      Appellant

: No. 6 EAP 2016
:
: Appeal from the Judgment of
: Commonwealth Court entered on
: December 30, 2015 at No. 98 F.R.
: 2012.
:
:
: ARGUED: April 5, 2017
:
:
:
:
:

## CONCURRING OPINION

**JUSTICE BAER**                  **DECIDED: October 18, 2017**

I join the learned majority's holding that the "net loss carryover" provision of the Pennsylvania Revenue Code for tax year 2007 ("NLC")[1] violates the Uniformity Clause of the Pennsylvania Constitution[2] and that severance of the $3 million flat deduction remedies that violation. I write separately only to express my view on the nature of the constitutional challenge presented herein.

Throughout these proceedings, Nextel has steadfastly maintained that it is presenting an as-applied constitutional challenge to the NLC. In this regard, the majority observes that "Nextel has not previously argued, and does not presently allege, that the NLC is facially unconstitutional." Maj. Op. at 29 n.20. Taking Nextel at its word,

---

[1] Act of March 4, 1971, P.L. 6, as amended, 72 P.S. § 7401(3)4.(c)(1)(A)(II).

[2] Pa. Const. art. VIII, § 1.

the majority tailors its holding to align with Nextel's characterization of its claim, concluding that the NLC is unconstitutional as applied to Nextel. *Id.* at 29 (holding that "[w]e, therefore, affirm the Commonwealth Court's decision that the NLC is unconstitutional as applied to Nextel"). In so doing, the majority further observes that the distinction between an as-applied challenge and a facial challenge is arguably meaningless in this case given the future effect of our decision. *Id.* at 29 n.20.

However, the question of whether a particular constitutional challenge is "facial" or "as applied" should not be dictated by the label a litigant attaches to it. *See Tooey v. AK Steel Corp.*, 81 A.3d 851, 877-78 (Pa. 2013) (Saylor, J., dissenting) (observing, in general reliance upon *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), that a "court may declare a statute facially unconstitutional when adjudicating an as-applied challenge"); *Citizens United*, 558 U.S. at 331 (explaining that "the distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge"). Thus, a court should not be constrained in its holding simply by virtue of the manner in which a litigant has characterized its claim.

Here, the thrust of Nextel's uniformity challenge is that the NLC allows those corporations with $3 million or less in taxable income and carryover losses equaling or exceeding their taxable income to reduce their 2007 tax liability to zero, while requiring those corporations with over $3 million in taxable income to pay some income tax. As such, the NLC as written creates two classes of similarly situated taxpayers and treats them disparately solely on the basis of the value of the property involved (*i.e.*, taxable income), thereby violating the Uniformity Clause.

Consistent with the majority's astute analysis, I agree with Nextel's position. Nonetheless, while Nextel presents its claim as an as-applied challenge to the NLC, its

challenge necessarily implicates the facial validity of the NLC. Consequently, where the majority appears to attach no real significance to Nextel's characterization of its claim as an as-applied challenge to the NLC, the majority's holding could be interpreted as limited in accordance with Nextel's designation. I write separately to clarify that, in my view, our holding declares the NLC unconstitutional on its face.

Justices Donohue and Wecht join this concurring opinion.